## FRANCIS P. HUTCHINSON *vs.* ELBRIDGE WHEELER.

An agent of an unincorporated company is not discharged from his liability to pay for work done for him by one whom he has employed without disclosing his agency, by the fact that, after the work was performed, the laborer was informed by another person of the agency, and thereupon altered the entry in his book of accounts by substituting the name of the company for that of the agent, if he never attempted to enforce his claim against the company, and did not know of what individuals it was composed, and before the commencement of his action against the agent replaced the name of the agent in his books as his debtor.

CONTRACT upon an account for work and labor.

At the trial in the superior court, a trial by jury was waived, and, upon facts which are stated in the opinion, judgment was rendered for the plaintiff, and the defendant alleged exceptions.

*J. E. Maynadier*, for the defendant.

*C. C. Esty*, for the plaintiff.

DEWEY, J. The defendant, not having disclosed the fact of his agency at the time of making the contract with the plaintiff for services to be rendered by him at a stipulated price, is personally responsible for the payment for all the services rendered under that contract, unless by the subsequent facts, and the acts of the plaintiff in connection therewith, he has as to a part of the demand been discharged from such liability.

These facts are, 1st. That the plaintiff, a short time before the first of March 1857, and several months after the labor was commenced, was told by the foreman in the establishment that the defendant was only an agent, and that the "Feltonville Horse-shoe Company" was the principal; but the plaintiff was not told, and did not know who composed that company. The company was a joint stock company, and was not incorporated. 2dly. The plaintiff after hearing this statement altered the charge on his books for the labor performed under this contract prior to 1st March 1857, from "E. Wheeler" to the "Feltonville Horseshoe Company," and this continued as the form of the charge upon the books until a short period before the commencement of the present action, when the plaintiff altered the same to its original form, "E. Wheeler, Dr." In the opinion of the court

these facts do not constitute a defence of this action. The agent made no disclosure of his agency that authorized any change in the name of the debtor, nor did he make any reference to any other party who was responsible as principal. The mere casual statement made to the plaintiff by another person did not necessarily affect the liability of the defendant upon the contract he had made with the plaintiff. It is true that the plaintiff upon discovering the undisclosed principal might have the election to resort to him for payment, but he was not bound to do so, when he had contracted with one who did not disclose his agency.

Nor do the facts show any election by the plaintiff to resort to the principal, made under such circumstances as to discharge the agent. It is true the form of the charge on the book was altered and so remained for some time. But no notice was given of this, and this change was not acted upon, and no attempt was made to enforce the payment of the claim against the principal. And, indeed, it appears that the plaintiff was entirely ignorant who were the parties associated under the name of the Feltonville Horse-shoe Company. He could not have elected to charge the Feltonville Horse-shoe Company under that name as a legal principal, because there was no such legal body. He could not be said to have elected to resort to the individuals composing that company, as his debtors, because their names were wholly unknown to them.

The rulings of the superior court upon the question of law raised before that court were correct. *Exceptions overruled.*